PER CURIAM.
The Juvenile Court Rules Committee of The Florida Bar has petitioned this Court to approve its quadrennial report of proposed changes to the Florida Rules of Juvenile Procedure. We have jurisdiction based on article V, section 2(a) of the Florida Constitution. As required by Florida Rule of Judicial Administration 2.130, the amendments were submitted to The Board of Governors of The Florida Bar for review. The Board unanimously recommended the approval of the rules, with the exception of proposed rule 8.145. The Board made a separate recommendation concerning rule 8.145. Additional comments have been received by the Juvenile Committee of The Florida Public Defender Association (Public Defenders) concerning proposed rules 8.102, 8.104, 8.145.
In its report, the Juvenile Court Rules Committee proposed rule 8.102, a new rule that tracks the language of section 92.53, Florida Statutes (1991), for the videotaping of testimony of a victim of sexual or child abuse who is under the age of sixteen years. Section 92.53 clearly sets out the circumstances under which the videotaping of the victim or witness’s testimony may be accomplished. Thus, we decline to adopt the proposed rule because it would be du-plicative of the statute.
The Public Defenders make three contentions regarding proposed rule 8.104 which allows a child witness to testify by closed-circuit television. First, the Public Defenders argue that the proposed rule is too broad because it goes beyond the language of section 92.54, Florida Statutes (1991), which allows a child to give closed-circuit television testimony in cases involving sex *479 ual offenses against victims under the age of sixteen. In contrast, the proposed rule allows for such testimony in both sexual offenses as well as “child abuse” cases. We find that the rule should track the language of section 92.54, thus we delete the inclusion of “child abuse” from the proposed rule. Second, both the Public Defenders and the Juvenile Court Rules Committee agree that rule 8.104(c) should be amended to track the language of section 92.54 to include that the “defendant child’s attorney” be present at the closed-circuit testimony. We agree, and add the “defendant child’s attorney” to proposed subsection (c) of rule 8.104. Finally, the Public Defenders point out that rule 8.104(a)(2) does track the language of section 92.54 which allows a trial court to order an “unavailable” witness to give testimony by closed-circuit television. However, they argue that subsection 8.104(a)(2), like section 92.54, has the strange effect of allowing the court to take a witness’s testimony by closed-circuit television, if the witness is unavailable as defined by section 90.804(1). Under section 90.804(1) a witness may be “unavailable” because of a ruling of a court granting a privilege against testifying, physical absence, refusal to testify, lack of memory, or a physical or mental illness. In any event, logic dictates that an “unavailable” witness will not be testifying on closed-circuit television; thus we delete proposed subsection (a)(2) of rule 8.104. While the revised rule 8.104 tracks the language of section 92.54, it is different from the statute because it does not contain the confusing language allowing the trial court to order the close-circuit testimony of an “unavailable” witness. Thus, we adopt rule 8.104 with its noted revisions.
Proposed rules 8.145 and 8.275 concern the appeals of delinquency and dependency actions. The Juvenile Court Rules Committee has filed a motion with this Court to strike the proposed rules to allow either the Juvenile Court Rules Committee or the Appellate Court Rules Committee to submit more comprehensive and detailed rules. We agree with the Juvenile Court Rules Committee and will defer any action on these proposed appellate rules until resubmission by the appropriate committee.
We approve the remainder of the proposed changes. Appended is the text of the amended portions of the rules. The amended rules become effective at midnight on January 1, 1993. Deletions are indicated by the use of struck-through type; new language is indicated by underscoring. Committee comments are included for explanation and guidance only and are not adopted as an official part of the rules.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.
PART I. DELINQUENCY PROCEEDINGS
A. INTRODUCTORY- RULES
RULE 8.000. SCOPE AND PURPOSE
These rules shall govern the procedures in the circuit court in the exercise of its jurisdiction under the Florida Juvenile Justice Act.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure and may be cited as Fla.R.Juv.P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular.
Committee Notes
1991 Amendment. All rules have been edited for style and to remove gender-bias gender bias. The rules have been reorganized and renumbered to correspond to the types and stages of juvenile proceedings. Cross-references have been changed accordingly.
1992 Amendment. Scope and Purpose, previously found in rules 8.000, 8.200, *480 8.600, and 8.700, has been consolidated into one rule. Designations of subparts within the delinquency part of the rules have been changed accordingly. Reference to the civil rules, previously found in rule 8.200, has been removed because the rules governing dependency and termination of parental rights proceedings are self-contained and no longer need to reference the Florida Rules of Civil Procedure.
PART I. DELINQUENCY PROCEEDINGS
BA. PRELIMINARY PROCEEDINGS
GB. PLEADINGS, PROCESS, AND ORDERS
RULE 8.035. PETITIONS FOR DELINQUENCY
(a) Contents of Petition.
(1) Each petition shall be entitled a petition for delinquency and shall allege facts showing the child to have committed a delinquent act.
(2) The petition shall contain allegations as to the identity and residence of the parents or custodians, if known.
(3) In petitions alleging delinquency, each count shall recite the official or customary citations of the statute, ordinance, rule, regulation, or other provision of the law which the child is alleged to have violated, including the degree of each offense.
(4) Two or more allegations of the commission of delinquent acts may appear in the same petition, in separate counts.
(5) Two or more children may be the subject of the same petition if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. The children may be named in one 1 or more counts together or separately and all of them need not be named in each count.
(b) Verification. The petition shall be signed by the state attorney or assistant state attorney, stating under oath the petitioner’s good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child and prejudice the child in the preparation of a defense, the petitioner may be required to furnish a statement of particulars.
(e) Prompt Filing. On motion by or in behalf of a child a petition alleging delinquency shall be dismissed with prejudice if it was not filed within the time provided by law. However, the court may grant an extension of time as provided by law.
RULE 8.045. NOTICE TO APPEAR
(a) Definition. A notice to appear, unless indicated otherwise, means a written order issued by a law enforcement officer or authorized agent of the department, in lieu of taking a child into custody or detaining a child, which requires a child accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) By Arresting Officer. If a child is taken into custody for a violation of law and the officer elects to release the child as provided by law to a parent, responsible adult relative, or legal guardian, a notice to appear may be issued to the child by the officer unless:
(1) the child fails or refuses to sufficiently identify himself or herself or supply the required information;
(2) the child refuses to sign the notice to appear;
*481 (3) the officer has reason to believe that the continued liberty of the child constitutes an unreasonable risk of bodily injury to the child or others;
(4) the child has no ties with the jurisdiction reasonably sufficient to assure ensure an appearance or there is substantial risk that the child will refuse to respond to the notice;
(5) the officer has any suspicion that the child may be wanted in any jurisdiction; or
(6) it appears that the child has previously failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.
(c) By Departmental Agent. If a child is taken into custody by an authorized agent of the department as provided by law, or if an authorized agent of the department takes custody of a child from a law enforcement officer and the child is not detained, the agent shall issue a notice to appear to the child upon the child’s release to a parent, responsible adult relative, or legal guardian.
(d) How and When Served. If a notice to appear is issued^ it shall be 6 copies shall be prepared in sextuplícate. One copy of the notice shall be delivered to the child and 1 copy shall be delivered to the person to whom the child is released. In order to secure the child’s release, the child and the person to whom the child is released shall give their written promise that the child will appear as directed in the notice by signing the remaining copies. One copy is to be retained by the issuer and 3 copies are to be filed with the clerk of the court. These 3 copies shall be sworn to by the issuer, a notary public, a deputy clerk, or an authorized agent- of the department.
(e) Distribution of Copies. The clerk shall deliver 1 copy of the notice to appear to the state attorney and 1 copy to the department and shall retain 1 copy in the court’s file.
(f) Contents. A notice to appear shall contain the following information:
(1)The name and address of the child and the person to whom the child was released.
(2) The daté of the offense(s).
(3) The offense(s) charged by statute and municipal ordinance, if applicable.
(4) The counts of each offense.
(5) The time and place where the child is to appear in court.
(6) The name and address of the trial court having jurisdiction to try the offense(s) charged.
(7) The name of the arresting officer or authorized agent of the department.
(8) The signatures of the child and the person to whom the child was released.
(g) Failure to Appear. When a child signs a written notice to appear and fails to respond to the notice, an order to take into custody shall be issued.
(h) Form of Notice. The notice to appear shall be substantially as found in form 8.930.
Committee Notes
1991 Adoption. This rule allows juveniles to be released with definite notice as to when they must return to court. This should help decrease the number of juveniles held in detention centers awaiting a court date. It also should provide a mechanism to divert juveniles to programs more efficiently. The change also should decrease the number of summons issued by the clerk.
1992 Amendment. A summons is not sworn but the arrest affidavit that is filed with the notice to appear is sworn. The notice to appear, which is more like a summons, does not need to be sworn.
DC. DISCOVERY
RULE 8.060. DISCOVERY
(a) Notice of Discovery.
(1) If a child should elects to utilize the discovery process provided by these rules, including the taking of discovery depositions, the child shall file with the court and serve upon the prosecuting attorney notice of the child’s intent to participate in discovery. Such “notice of discovery” shall bind both the petitioner and the child to all discovery procedures contained in these *482 rules. The child may take discovery depositions upon the filing of such notice. The child’s participating in the discovery process, including the child’s taking of the deposition of any person, shall be an election to participate in discovery. If any child knowingly or purposely shares in discovery obtained by a codefendant, the child shall be deemed to have elected to participate in discovery.
(2)After the filing of a petition alleging a child to be delinquent, within 5 days of service of the child’s notice of election to participate in discovery, the petitioner shall disclose to the child or the child’s counsel and permit inspecting, copying, testing, and photographing of the following information and material within the petitioner’s possession or control:
(A) The names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations or to any defense with respect thereto.
(B) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted by him or her and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the caseA but shall not include the notes from which such reports are compiled.
(C) Any written or recorded statement and the substance of any oral statements made by the child and known to the petitioner, together with the name and address of each witness to the statement.
(D) Any written or recorded statements, and the substance of any oral statements, made by a co-defendant if the hearing is to be a joint one.
(E) Those portions of recorded grand jury minutes that contain testimony of the child.
(F) Any tangible papers or objects which were obtained from or belonged to the child.
(G) Whether the petitioner has any material or information which has been provided by a confidential informant.
(H) Whether there has been any electronic surveillance, including wiretapping, of the premises of the child, or of conversations to which the child was a party^ and any documents relating thereto.
(I) Whether there has been any search or seizure and any document relating thereto.
(J) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, ex-perimentSj or comparisons.
(K) Any tangible papers or objects which the petitioner intends to use in the hearing and which were not obtained from or belonged to the child.
(3) As soon as practicable after the filing of the petition, the petitioner shall disclose to the child any material information within the state’s possession or control which tends to negate the guilt of the child as to the petition’s allegations.
(4) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to the petitioner and the child or as ordered by the court.
(5) Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.
(b) Required Disclosure to Petitioner.
(1) Within 5 days after receipt by the child of the list of names and addresses furnished by the petitioner pursuant to this rule the child shall furnish to the petitioner a written list of all persons whom the child expects to £all as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and place of examination pursuant to the subpoena. At such examination, the child through counsel shall have the *483 right to be present and to examine the witness. The physical presence of the child shall be governed by rule 8.060(d)(6).
(2) If the child elects to participate in discovery, the child shall disclose to the petitioner and permit inspecting, copying, testing, and photographing of the following information and material which is in the child’s possession or control:
(A) The statement of any person whom the child expects to call as a trial witness other than that of the child.
(B) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(C) Any tangible papers or objects which the child intends to use in the hearing.
The child shall make the foregoing disclosure within 5 days after receipt of the corresponding disclosure from the prosecutor. Defense counsel shall perform the foregoing obligations in any manner mutually agreeable to him or her and the prosecutor or as ordered by the court.
The filing of a motion for protective order by the petitioner will automatically stay the times provided for in subdivision (b). If a protective order is granted, the child may, within 2 days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the motion for protective order, withdraw the demand and not be required to furnish reciprocal discovery.
(c) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) The following matters shall not be subject to disclosure:
(A)Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of their legal staff.
(B)Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or a failure to disclose the informant’s identity will infringe upon the constitutional rights of the child.
(d) Depositions.
(1) Time and Place.
(A) At any time after the filing of the petition alleging a child to be delinquent, the child may take the deposition upon oral examination of any person who may have information relevant to the offense charged.
(B) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county where he or she resides, is regularly employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place of the deposition is to be taken and the name of each person to be examined.
(B) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may change the time or place of taking.
(D) In any case, no person shall be deposed more than once except by consent of the parties or by order of the court on good cause shown.
(DKE) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, objections, and the issuance, execution, and return of service, shall be the *484 same as that provided by the Florida Rules of Civil Procedure.
(3) Use of Deposition. Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the purpose of impeaching the testimony of the deponent as a witness.
(4) Introduction of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the introduction of any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Sanctions. A person who refuses to obey a subpoena served upon him or her for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Physical Presence of Child. The child shall not be physically present at a deposition except upon stipulation of the parties or upon court order for good cause shown.
(A) The child may move the court for an order permitting physical presence of the child upon a showing of good cause. In ruling on such a motion, the court may consider the need for the physical presence of the child to obtain effective discovery, the intimidating effect of the child’s presence on the witness, if any, and any cost or inconvenience related to the child’s presence.
(B) In considering the child’s motion to be physically present at a discovery deposition, the court may consider alternative electronic or audio-visual means to protect the child’s ability to participate in discovery without the child’s physical presence.
(7) Statement of Law Enforcement Officer. Upon stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(8) Videotaped Depositions. Depositions of children under the age of 16 shall be videotaped upon demand of any party unless otherwise ordered by the court. The court may order videotaping of a deposition or taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special master.
(e) Perpetuating Testimony.
(1) After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons1 and shall state that the prospective witness resides beyond the territorial jurisdiction of the court? or may be unable to attend or be prevented from attending the subsequent court proceedings, or that grounds exist to believe that the witness will absent himself or herself from the jurisdiction of the court, that the testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by the reporter, and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f) Nontestimonial Discovery. After the filing of the petition, upon application, *485 and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) Tthe child in all proceedings to:
(A) appear in a lineup;
(B) speak for identification by a witness to an offense;
(C) be fingerprinted;
(D) pose for photographs not involving reenactment of a scene;
(E) try on articles of clothing;
(F) permit the taking of specimens of material under the fingernails;
(G) permit the taking of samples of blood, hair2 and other materials of the body which involve no unreasonable intrusion thereof;
(H) provide specimens of handwriting; or
(I) submit to a reasonable physical or medical inspection of his or her body*; and
(2) Ssuch other discovery as justice may require upon a showing that such would be relevant or material.
(g) Limitations on Discovery. — Upon-a showing of good-cause, the court may, by order, alter the time for compliance with any-discovery rule-or restrict or-defer any disclosure and may permit any such showing in camera, provided that all material and-information to which a party-is-entitled be-disclosed to the-party in time-to make beneficial use thereof. Court May Alter Times. The court may alter the times for compliance with any discovery under these rules on good cause shown.
(h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(i) Investigations Not to be Impeded. Except as otherwise provided for matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information, except for the accused, to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel’s investigation of the case.
(j) Protective Orders. Upon a showing of good cause, the court shall at any time. order that specified disclosures be restricted or deferred, that certain matters are not to be inquired into or that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy. All material and information to which a party is entitled, however, must be disclosed in time to permit such party to make beneficial use of it.
(k) In Camera Proceedings. Upon request of any person, the court may permit any showing of cause for denial or regulation of disclosures, or any portion of it, to be made in camera. A record shall be made of such proceedings. If the court enters an order granting the relief following a showing in camera, the entire record of such showing shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
(il) Sanctions.
(l) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) grant a mistrial;
*486 (D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.
Committee Notes
1991 Amendments. This amendment tracks Florida Rule of Criminal Procedure 3.220. There are some sections of the criminal rule that have not been adopted for juvenile proceedings and a few that have been conformed to present juvenile rules.
(d)(6) The provision that a defendant child not be present at a deposition is similar to the corresponding criminal rule.
(d)(8) Many witnesses in juvenile court are children under 16 and the videotaping of testimony is not always necessary. The amendment mandates videotaping on demand of a party.
1992 Amendments, (b) This amendment conforms this rule to Florida Rule of Criminal Procedure 3.220(d)(1). It also is consistent with the amendment made to Florida Rule of Juvenile Procedure 8.060(d)(6) in 1991.
(d)(2)(D) This section has been copied from Florida Rule of Criminal Procedure 3.220(h)(1) and also seems appropriate for delinquency cases.
(g) This section currently incorporates protective orders, in camera proceedings, and altering time in 1 section. They should be separate sections and spelled out in more detail.
(i) This is another section of Florida Rule of Criminal Procedure 3.220(i) that also seems appropriate in delinquency cases.
(j) This is adapted from Florida Rule of Criminal Procedure 3.220(¿). Protective orders are referred to elsewhere in the delinquency portion of these rules, but not defined.
(k) This adaption from the criminal rules has more precise language that helps safeguard the record for appellate purposes.
(l) Current rule 8.060(i) has been redes-ignated (l).
ED. ARRAIGNMENTS AND PLEAS
EE. MOTIONS AND SERVICE OF PLEADINGS
RULE 8.085. PREHEARING MOTIONS AND SERVICE
(a) Prehearing Motions.
(1) Motions in General. Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion and the party’s attorney. This requirement may be waived by the court for good cause shown.
(2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition. If a motion to dismiss is granted, the child who is detained under an order entered under rule 8.013 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.
(3) Motion to Suppress. Any confession or admission obtained illegally or any evidence obtained by an unlawful search and seizure may be suppressed on motion by the child.
(A) Every motion to suppress shall clearly state the particular evidence sought to be suppressed, the reason for the suppression;, and a general statement of the facts on which the motion is based.
(B) Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the moving party shall present evidence in support thereof and the state may offer rebuttal evidence.
(4) Motion to Sever. A motion may be made for the severance of 2 or more counts *487 in a multi-count petition, or for the severance of the cases of 2 or more children to be adjudicated in the same hearing. The court may grant motions for severance of counts and severance of jointly-brought jointly brought cases for good cause shown.
(5) Time for Filing. Any motion to suppress, sever, or dismiss shall be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the party making the motion was not aware of the grounds for the motion.
(6) Sworn Motions to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the child. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the child. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The state may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the state in a traverse. The court, in its discretion, may receive evidence on any issue of fact necessary to decide the motion. The motion shall be dismissed if the state files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Any demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(b) Service of Pleadings and Papers.
(1)When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office1 with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the court may permit the papers to be filed with the court in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
“I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this . day of., 19_-Title”
*488 Tthe certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6) People Who May Certify Service. Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, court, or authorized agent of the Department of Health and Rehabilitative Services in the form provided in subdivision (5).
(c) Time for Service of Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(d) Additional Time Aafter Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper and the notice or paper is served by mail, 35 days shall be added to the prescribed period.
(e) Pleading to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual ñame by such attorney, whose address and telephone number, including area code, and Florida Bar number7 shall be stated, and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit. The-signature of an attorney- shall- constitute a certificate by the attorney that the paper or pleading has been read; that, to the best of his or her-knowledge, information, and be-liefr-there is good ground to support it; and that-it- is not interposed for delay. — If-a pleading or paper is not signed,-or-is-signed with intent to defeat-4he-purpose of this rule, it may be stricken and the-action may proceed as though the pleading-or paper had-not been served.
(f) Pleading to be Signed by Unrepresented Party. A party who has no attorney but represents himself or herself shall sign the written pleading or other paper to be filed and state his or her address and telephone number, including area code.
(g) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
Committee Notes
1991 Amendment, (a)(6) This creates a procedure for dismissal similar to Florida Rule of Criminal Procedure 3.190(c)(4).
1992 Amendments, (d) Rules 8.240(c)(2) and 8.630(c)(2) allow 5 days for service by mail. This change conforms this rule.
(f) The current rule implies that a written pleading must be filed. No written pleadings are required.
(e) and (g) The language from (e) was moved to create this new subdivision. The current rule applies only to attorneys. These requirements also should apply to nonattorneys who sign and file papers. This rule conforms with proposed revisions to rules 8.230 and 8.640.
RULE 8.090. SPEEDY TRIAL
(a) Time. If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If an adjudicatory hearing has not commenced within 90 days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (j).
*489 The court before granting such motion shall make the required inquiry under subdivision (d).
(c) Commencement. A child shall be deemed to have been brought to trial if the adjudicatory hearing begins before the court within the time provided.
(d) Motion to Dismiss. If the adjudicatory hearing is not commenced within the periods of time established, the respondent shall be entitled to the appropriate remedy as set forth in subdivision (j) unless any of the following situations exist:
(1) The child has voluntarily waived the right to speedy trial.
(2) An extension of time has been ordered under subdivision (e).
(3) The failure to hold an adjudicatory hearing is attributable to the child, a corespondent in the same adjudicatory hearing, or their counsel.
(4) The child was unavailable for the adjudicatory hearing. A child is unavailable if:
(A) the child or the child’s counsel fails to attend a proceeding when their presence is required; or
(B) the child or the child’s counsel is not ready for the adjudicatory hearing on the date it is scheduled.
No presumption of nonavailability attaches, but if the state objects to dismissal and presents any evidence tending to show nonavailability, the child must, by competent proof, establish availability during the term.
(5) The demand referred to in subdivision (f) is invalid.
(6) If the court finds dismissal is not appropriate, the pending motion to dismiss shall be denied, and an adjudicatory hearing shall commence within 90 days of a written or recorded order of denial.
(e) Extension of Time. The period of time established by subdivision (a) may be extended as follows:
(1)Upon stipulation, announced to the court or signed by the child or the child’s counsel and the state.
(2) By written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances. The order extending the period shall recite the reasons for the extension and the length of the extension. Exceptional circumstances are those which require an extension as a matter of substantial justice to the child or the state or both. Such circumstances include:
(A) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(B) a showing by the state that the case is so unusual and so complex, due to the number of respondents or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(C) a showing by the state that specific evidence or testimony is not available, despite diligent efforts to secure it, but will become available at a later time;
(D) a showing by the child or the state of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial;
(E) a showing that a delay is necessary to accommodate a co-respondent, where there is a reason not to sever the cases in order to proceed promptly with trial of the respondent; or
(F) a showing by the state that the child has caused major delay or disruption of preparation or proceedings, such as by preventing the attendance of witnesses or otherwise. Exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
(3) By written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including, but not limited to, an examination and hearing to determine the mental competency or physical ability of the respon *490 dent to stand trial for hearings or pretrial motions, for appeals by the state, and for adjudicatory hearings of other pending charges against the child.
(f) Speedy Trial Uupon Demand. Except as otherwise provided by this rule and subject to the limitations imposed by subdivision (g), the child shall have the right to demand a trial within 60 days, by written demand for speedy trial filed with the court and service upon the prosecuting attorney.
(1) No later than 5 days from the filing of a demand for speedy trial, the court shall set the matter for report, with notice to all parties, for the express purposes of announcing in open courts receipt of the demand and of setting the case for trial.
(2) At the report the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the report.
(8) The failure of the court to hold such a report date on a demand which has been properly filed shall not interrupt the running of any time periods under this subdivision (f).
(4) In the event that the child shall not have been brought to trial within 50 days of the filing of the demand, the child shall have the right to the appropriate remedy as set forth in subdivision (j).
(g) Demand for Speedy Trial; Effect. A demand for speedy trial shall be deemed a pleading by the respondent that he or she is available for the adjudicatory hearing, has diligently investigated the case, and is prepared or will be prepared for the adjudicatory hearing within 5 days. A demand may not be withdrawn by the childT except on order of the court, with consent of the state, or on good cause shown. Good cause for continuance or delay on behalf of the accused shall not thereafter include nonreadiness for the adjudicatory hearing, except as to matters which may arise after the demand for the adjudicatory hearing is filed and which could not reasonably have been anticipated by the accused or defense counsel.
(h) Dismissal Aafter Demand. If an adjudicatory hearing has not commenced within 50 days after a demand for speedy trial, upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney, the child shall have the right to the appropriate remedy as set forth in subdivision (j)j2 provided the court has made the required inquiry under subdivision (d).
(i) Effect of Mistrial, Appeal, or Order of New Trial. A child who is to be tried again or whose adjudicatory hearing has been delayed by an appeal by the state or the respondent shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the respondent, whichever is last. If the child is not brought to trial within the prescribed time periods, the child shall be entitled to the appropriate remedy as set forth in subdivision (j).
(j) Remedy for Failure to Try Respondent within the Specified Time.
(1) No remedy shall be granted to any respondent under this rule until the court shall have made the inquiry under subdivision (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the respondent shall simultaneously file a notice of hearing. The motion for discharge and its notice of hearing shall be served upon the prosecuting attorney.
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in subdivision (d) exists, shall order that the respondent be brought to trial within 10 days. If the respondent is not brought to trial within the 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
*491 Committee Notes
1991 Amendment. (j)(2) This rule requires a notice of hearing at the time of filing the motion for discharge to ensure that the child’s motion is heard in a timely manner. A dissenting opinion in the committee was that this change does not protect the child’s rights but merely ensures that the case is not dismissed because of clerical error.
OF. HEARINGS
RULE 8.100. GENERAL PROVISIONS FOR HEARINGS
Unless otherwise provided, the following provisions apply to all hearings:
(a) Presence of the Child. The child shall be present unless the court finds that the child’s mental or physical condition is such that a court appearance is not in the child’s best interests.
(b) Absence of the Child. If the child is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absent himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(c) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party in an adjudicatory hearing shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(d) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(e) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or by a recording device. The records shall be preserved for 5 years from the date of the hearing. Official records of testimony shall be transcribed only upon order of the court.
(f) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
RULE 8,104. TESTIMONY BY CLOSED-CIRCUIT TELEVISION
(a) Requirements for Use. In any case involving allegations of sexual abuse, the trial court may order the testimony of a victim or witness under the age of 16 to be taken outside the courtroom and shown by means of closed-circuit television, if on motion and hearing in camera, the trial court determines that the victim or witness would suffer at least moderate emotional or mental harm if required to testify in open court.
(b) Persons Who May File Motion. The motion may be filed by:
(1) the victim or witness or his or her attorney, parent, legal guardian, or guardian ad litem;
(2) the trial judge on his or her own motion;
(3) the prosecuting attorney; or
(4) the defendant child or his or her counsel.
(c) Person Who May Be Present During Testimony. Only the judge, prosecutor, witness or victim, attorney for the witness or victim, defendant child’s attorney, operator of the equipment, an interpreter, and some other person who in the opinion of the court contributes to the well-being of the victim or witness and who will not be a witness in the case may be in the room during the recording of the testimony
(d) Presence of Defendant Child. During the testimony of the victim or witness by closed-circuit television, the court may require the defendant child to view the testimony from the courtroom. In such case, the court shall permit the defendant child to observe and hear the testimony, but shall ensure that the victim or witness cannot hear or see the defendant child. The judge and defendant child and the persons in the room where the victim or witness is testifying may communicate by any appropriate electronic method.
*492 (e) Findings of Fact. The court shall make specific findings of fact on the record as to the basis for its ruling under this rule.
(f) Time for Motion. The motion referred to in subdivision (a) may be made at any time with reasonable notice to each party.
Committee Notes
1992 Adoption. Addition of this rule is mandated by section 92.55, Florida Statutes (1989).
RULE 8.120. POST-DISPOSITION HEARING
(a) Revocation of Community Control Programs. A child who has been placed in a community control program may be brought before the court by the agent supervising the child’s community control or by the state attorney on a petition alleging the violation of the program. All interested persons, including the child, shall have an opportunity to be heard. After such hearing, the court shall enter an order revoking, modifying, terminating, or continuing the community control program. Upon the revocation of the program, the court shall, when the child has been placed in a community control program and adjudication has been withheld, adjudicate the child delinquent. In all cases after a revocation of the program, the court shall enter a new disposition order.
(b) Retention of Authority ©over Discharge. When the court has retained authority over discharge of a delinquent child from placement or commitment as provided by law, prior to any discharge from placement or commitment, the Department of Health and Rehabilitative Services shall notify the court, the state attorney, and the child of its intention to discharge the child. Thereafter, any interested party may request a hearing, within the time prescribed by law, to address the discharge.
IH. CONTEMPT
JI. GENERAL PROVISIONS
RULE 8.160. TRANSFER OF CASES
The court may transfer any case, after adjudication or when adjudication is withheld, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the court may determine to be for the best interest of the child. No case shall be transferred to another county under this rule unless a plea of nolo contendere or guilty has been entered by the child on the charge being transferred, or until the transferring court has found the child committed the offense in question after an adjudicatory hearing in the county where the offense occurred. Any action challenging the entry of a plea or the adjudicatory hearing result must be brought in the transferring court's county. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court. The transferring court shall furnish the following to the state attorney, the public defender, if counsel was previously appointed, and the clerk of the receiving court within 5 days:
(a) A certified copy of the order of transfer, which shall include, but not be limited to:
(1) specific offense that the child was found to have committed;
(2) degree of the offense;
(3) name of parent/custodian to be summoned;
(4) address at which the child should be summoned for disposition;
(5) name and address of victim; and
(6) whether the child was represented by counsel-,; and
(7) findings of fact, after hearing or stipulation, regarding the amount of damages or loss caused directly or indirectly by the child’s offense, for purposes of restitution.
(b) A certified copy of the delinquency petition.
(c) A copy of the juvenile referral or complaint.
*493 (d) Any reports and all previous orders including orders appointing counsel entered by the court in the interest of that child.
Committee Notes
1991 Amendment. This rule requires the transferring court to provide sufficient information to the receiving court when transferring the case to another jurisdiction to comply with the requirements of chapter 39, Florida Statutes.
1992 Amendment. The purpose of this amendment is to require the court hearing the substantive charge to determine the value of the victim’s damage or loss caused by the child’s offense. The victim and witnesses necessary to testify as to damage and loss are more often residents of the transferring court’s county, rather than the receiving court’s.
RULE 8.185. COMMUNITY ARBITRATION
(a) Referral. A case may be referred to community arbitration as provided by law. The chief judge of each judicial circuit shall maintain a list of qualified persons who have agreed to serve as community arbitrators for the purpose of carrying out the provisions of chapter 39, Florida Statutes.
(b) Arbitrator Qualifications. Each community arbitrator or member of a community arbitration panel shall be selected pursuant to law and shall meet the following minimum qualification and training requirements:
(1) Be at least 18 years of age.
(2) Be a person of the temperament necessary to deal properly with cases involving children and with the family crises likely to be presented.
(3) Pass a law enforcement records check and an HRS abuse registry background check, as determined by the written guidelines developed by the chief judge of the circuit, the senior circuit court judge assigned to juvenile cases in the circuit, and the state attorney.
(4) Observe a minimum of 3 community arbitration hearings conducted by an approved arbitrator in a juvenile case.
(5) Conduct at least 1 juvenile community arbitration hearing under the personal observation of an approved community arbitrator.
(6)Successfully complete a training program consisting of not less than 8 hours of instruction including, but not limited to, instruction in:
(A) conflict resolution;
(B) juvenile delinquency law;
(C) child psychology; and
(D) availability of community resources.
The chief judge of the circuit, the senior circuit judge assigned to juvenile cases in the circuit, and the state attorney shall develop specific written guidelines for the training program and may specify additional qualifications as necessary.
Committee Notes
1992 Adoption. This rule provides qualification and training requirements for arbitrators as required by section 39.028, Florida Statutes. It was the committee’s intention to set minimal qualifications and to allow local programs to determine additional requirements.
PART II. DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS PROCEEDINGS .
RULE- 3^00. SCOPE AND PURPOSE
These rules shall govern the procedures in the circuit court in the-exercise-of — its jurisdiction relating-to-juvenile-dependency proceedings — and- termination of parental rights proceedings,
They are intended to provide a just, speedy,-and efficient determination ■ of the procedures covered by--them-and-shall be constr-ued to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure, and may be cited as FIa,RJuv,P, Where these Rules are silent, the parties are to refer to the Florida-Rales of Civil-Procedare?
When appropriate the use of singular nouns and pronouns shall be construed to include-the plural and the- use of plural nouns and pronouns -shall-be construed to include the singular.
*494 Committee Notes
1991 Amendment: This section includes termination of parental rights proceedings within the scope of dependency proceedings. It-also.refers — practitioners.to--the Florida Rules of Civil Procedure when these-rules are-silent.
All rules have been edited for style and to remove gender-bias gender bias. The rules have been reorganized and renumbered to correspond to the types and stages of juvenile proceedings. Cross-references have been changed as appropriate.
1992 Amendment. See rule 8.000. RULE 8.205. TRANSFER OF CASES
(a) Transfer of Cases Within Circuit Court. If it should appear at any time in a proceeding initiated in a division other than the juvenile division of the circuit court that facts are alleged that essentially constitute a dependency or the termination of parental rights, the court may upon consultation with the administrative judge assigned to juvenile cases order the transfer of action and the transmittal of all relevant papers to the juvenile division. The juvenile division shall then assume jurisdiction only over matters pertaining to dependency, custody, visitation, and child support.
(b) Transfer of Cases Within the State of Florida. The court may transfer any case after adjudication, when adjudication is withheld, when a plan under rule 8,327 stipulation under rule 8.825(d) has been accepted, or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the court may determine to be for the best interest of the child and to promote the efficient administration of justice. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing all parties, the clerk, and the state attorney of the receiving court a copy of the order of transfer within 5 days. The clerk shall also transmit a certified copy of the file to the receiving court within 5 days.
(c) Transfer of Cases Among States. If it should appear at any time that an action is pending in another state, the court may transfer jurisdiction over the action to a more convenient forum state, may stay the proceedings, or may dismiss the action.
Committee Notes
1992 Amendment. Plans under rule 8.327 were deleted in the 1991 revision to the rules, but are being reinstated as “stipulations” in the 1992 revisions. This change corrects the cross-reference.
RULE 8.210. PARTIES
(a) Definitions. For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, the parent, the guardian ad litem where appointed, and the custodian, and every person upon whom service of summons is required -by-law.
(b) Additional Parties. The state attorney’s office or the Department of Health and Rehabilitative Services may become a party upon notice to all other parties and the court. The court may add additional parties.
Committee Notes
1991 Amendment, (b) This section provides a mechanism to allow the Department of Health and Rehabilitative Services or the state attorney to become parties on notice to all other parties and the court.
1992 Amendment. Subdivision (b) allows additional parties, which should fall within the definition of “parties.” Sections 39.405(4)(b) and 39.437(4)(b), Florida Statutes, require service of summons upon the “actual custodians.” The result of the present rule is that in many instances relatives become parties. In almost all termination of parental rights cases, the foster parents would become parties. If custodians should be parties in a particular case, rule 8.210(b) would allow them to be parties.
RULE 8.225. PROCESS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a dependency or termination of parental rights petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing *495 at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than 24 hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This subdivision shall not in any way limit the state attorney’s power to issue subpoenas.
(3) Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known the clerk shall give them notice of the proceedings by mail. Service of process may be waived.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party or the party’s attorney, if one is appointed-or — r-etained7 the state attorney’s office, and the Department of Health and Rehabilitative Services; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney shall be made by delivering a copy to the attorney or by mailing it to the attorney’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. If the party is not represented by an attorney, service of all pleadings or papers shall be upon the party. Delivery may be made by mail to the party’s last known address or by leaving it at the party’s usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or party;
(B) leaving it at the attorney’s office with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the court may permit the papers to be filed with it in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
“I do certify that (copy) (copies) hereof have been furnished to (here insert names or names) by (delivery) (mail) this . day of.19_Title”
Tthis certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
*496 Committee Notes
1991 Amendment, (b)(1) This change requires that the Department of Health and Rehabilitative Services and the state attorney’s office receive notice of all pleadings to determine if their involvement as parties is required.
1992 Amendment, (b)(1) The language appears to be unnecessary.
RULE 8.230. PLEADINGS TO BE SIGNED
(a) Pleading to Be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose Florida Bar number, address, and telephone number, including area code, shall be stated? and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit. The-signature of an attorney shall constitute a certificate that the paper or-pleading has been read; that to the best-of- the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. — If-a pleading or-paper is not signed,-or is signed with-intent to defeat the purpose of this rule, it may be stricken and the action-may proceed as though the pleading or paper had not been served,
(b) Pleading to Be Signed by Unrepresented Party. A party who has no attorney but who represents himself or herself shall sign a written pleading or other paper to be filed and state his or her address and telephone number, including area code.
(c) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
Committee Notes
1991 Amendment. The current rule implies that a written pleading must be filed. No written pleadings are required.
1992 Amendments, (a) and (c) The language from (a) was moved to create this new subdivision. The current rule only applies to attorneys. These requirements also should apply to nonattomeys who sign and file papers. This change conforms to proposed changes for rules 8.085 and 8.640.
RULE 8.235. MOTIONS
(a) Motions in General. An application to the court for an order shall be made by motion which shall be in writing unless made during a hearing; shall be signed by the party making the motion or by the party’s attorney; shall state with particularity the grounds therefor; and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
(b) Motion to Dismiss. Any party may file a motion to dismiss any petition or other pleading, setting forth the grounds on which the motion is based. If a motion to dismiss is granted where a child is being detained under an order, the child may be continued in shelter under previous order of the court upon the representation that a new or amended petition will be filed.
(c) Sworn Motion to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss the petition on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of dependency. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the party. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The opposing parties may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the party. The motion shall be denied if the party files a written traverse that with *497 specificity denies under oath the material fact or facts alleged in the motion to dismiss.
(ed) Motion to Sever. A motion may be made for a severance of 2 or more counts of a multi-count petition, or for the severance of the cases of 2 or more children alleged to be dependent in the same petition. The court may grant motions for severance of jointly-brought cases for good cause shown.
Committee Notes
1992 Amendment. This rule allows any party to move for dismissal based on the grounds that there are no material facts in dispute and that these facts are not legally sufficient to prove dependency.
RULE 8.255. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The Department of Health and Rehabilitative Services must be represented by an attorney at every stage of these proceedings.
(b) Presence of Child. The child has a right to be present at the hearing unless the court finds that the child’s mental or physical condition or age is such that a court appearance is not in the best interest of the child. Any party may file a motion to require or excuse the presence of the child.
(c) Examination of Child; Special Protections.
(1) Testimony by Child. A child may be called to testify in open court by any party to the proceeding, or the court, and may be examined or cross-examined as any other witness.
(2) In Camera Examination.
(A)Upon motion and hearing in camera and upon- a-finding that there is a substantial likelihood that the child will suffer at least moderate emotional or mental harm if required to testify in open court or — that such-child-is-unavailable as defined in subsection 90,804(1), Florida Statutes, the-tr-ial court may order that the testimony of a child under age-16 who is a victim or witness be taken outside of the courtroom and shown by means of closed- circuit-television.
(B) The motion may be filed by any party or the trial court on the court’s own motion.
(C) Only the court, the petitioner’s-attorney, the state’s attorney, the parent, the attorney for the parent, the--operators of the videotape-equipment, an interpreter, and some other person-who,-in the opinion of the court, contributes- to the well-being of the child and who-will- not be a witness in the case — may—be--in.the room during testimony,
(D) During — the—child’s—testimony—by closed circuit television, the-court-may require the parent or custodian to view the testimony from the courtroom or other location, In such case, the court shall permit the parent or custodian to observe-and-hear the testimony of the child, but-shall-ensure that the child cannot hear or see the parent or custodian, The court and the persons in the room where the child is testifying may communicate by any appropriate electronic method,
(E) The-court shall-make specific written findings-of-fact,-on-the -record) as to the basis-for — its-ruling-under-this rule,
(A) Upon motion and hearing, the child may be examined by the court outside the presence of other parties as provided by law. The court shall assure that proceedings are recorded, unless otherwise stipulated by the parties.
(B) The motion may be filed by any party or the trial court on its own motion.
(C) The court shall make specific written findings of fact, on the record, as to the basis for its ruling. These findings may include but are not limited to:
(i) the age of the child;
(ii) the nature of the allegation;
(iii) the relationship between the child and the alleged abuser;
(iv) the likelihood that the child would suffer emotional or mental harm if required to testify in open court;
(v) whether the child’s testimony is more likely to be truthful if given outside the presence of other parties;
*498 (vi) whether cross-examination would adversely affect the child; and
(vii) the manifest best interest of the child.
(D) The child may be called to testify by means of closed-circuit television or by videotaping as provided by law.
(3)-Unavailability of Child. If a child is unavailable -to-be-present -to testify in open court or through the use of closed circuit televisionron-motion and hearing in camera and upon a finding of such-unavailability, the court may order the videotaping of the testimony-of-the-child, — The court and the parties shall follow all the measures set out in paragraph (2),
(d) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(f) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or by a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(g) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(h) Masters. Pursuant to Florida Rule of Civil Procedure 1.490, both general and special masters may be appointed to hear issues involved in proceedings under this part.
Committee Notes
1991 Amendment, (b) This change allows a child to be present instead of mandating the child’s presence when the child’s presence would not be in his or her best interest. The court is given the discretion to determine the need for the child to be present.
1992 Amendment. This change was made to reflect a moderated standard for in camera examination of a child less rigid than the criminal law standard adopted by the committee in the 1991 rule revisions.
RULE 8.325. ANSWERS AND PLEADINGS
(a) No Answer Required. No written answer to the petition need be filed by the parent or custodian. The parent or custodian of the child may enter an oral or written answer to the petition or remain silent.
(b) Denial of Allegations. If the parent or custodian denies the allegations of the petition or remains silent or pleads evasively, the court shall enter a denial of dependency and shall set the case for an adjudicatory hearing.
(c) Admission of or Consent to Dependency. The parent or custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent and that the parent or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.
(d) Stipulations.
(1) Any party may submit a written stipulation before the adjudicatory hearing.
(2) The stipulation may include findings of fact which will be deemed admitted at any subsequent hearing.
(3) The stipulation shall be signed by all parties and shall include:
(A) a statement of the placement of the child and conditions of placement;
(B) the supervising agent;
(C) the responsibilities of the parties;
(D) the period of time that the stipulation shall remain in effect;
*499 (E) the agreement of all parties; and
(F) the period of time within which the court shall review compliance.
(4) Violations of the conditions of the stipulation shall be presented to the court by a motion alleging a violation by any party during the pendency of the stipulation. If the court, after a hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the stipulation, modify the stipulation by supplemental agreement, or set the case for hearing on the original petition.
(5) After the time period specified in the stipulation has expired, unless otherwise dismissed, the petition may be dismissed on motion of any party participating in the stipulation after notice, hearing, and a finding of substantial compliance with the provisions and intent of the stipulation.
Committee Notes
1992 Amendment. This rule combines the previous provisions for plans and stipulations into one procedure entitled “stipulations.”
RULE 8.340. DISPOSITION HEARINGS
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or his or her parent or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Treatment Plans.
(1)At any time after adjudication, any party may submit a plan of proposed treatment, training, or conduct. The Department of Health and Rehabilitative Services shall be the supervising agency unless the court appoints another agency or person.
(42) The plan must be in writing and shall be agreed to and signed in all cases by the parents or custodians and, when represented, by their counsel; whenever possible, by the child, the guardian ad li-tem, and the child’s counsel. The authorized agent of the department shall indicate whether acceptance of the plan is recommended.
(23) The court shall conduct a hearing on acceptance of the plan, which may be waived by oral or written stipulation of all parties and the supervising agency. The court shall provide an opportunity for all parties to be heard on contested issues, may accept or reject the plan or any parts thereof, and shall enter a written order.
(34) Violations of the conditions of the plan shall be presented to the court by a motion alleging a violation during the pen-dency of the plan. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, to modify the plan by supplemental agreement, or to set aside the plan.
(45) The plan shall set forth the period of time that it shall be in effect and wherever appropriate the supervising agency or person responsible for the monitoring of the plan. Unless otherwise dismissed, the peti-tiea The jurisdiction of the court may be dismissed on the motion of any party participating in the plan after notice of hearing and a finding of substantial compliance with the provisions and intent of the plan.
(d)Orders of Disposition. The court shall in its written order of disposition include:
(1) the placement or custody of the child;
(2) special conditions of placement and visitation;
(3) evaluation, counseling, treatment activities, and other actions to be taken by the parties, where ordered;
*500 (4) supervising or monitoring agencies, and continuation or discharge of the guardian ad litem, where appropriate;
(5) period of time or date for subsequent case review where required by law; and
(6) such other requirements deemed necessary to protect the health, safety, and well-being of the child.
Committee Notes
1992 Amendment. Dismissal of a petition is not appropriate after adjudication.
RULE 8.415. JUDICIAL REVIEW OF CHILDREN IN FOSTER CARE
(a) Required Review. Children in foster care shall have their status reviewed as provided by law.
(ab) Scheduling Hearings.
(1) If the child is placed in foster care pursuant to a court order at a disposition hearing, the court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than 6 months from the date of placement.
(2) In all other cases where a child is in foster care, proceedings for judicial review shall be initiated by the filing of a supplemental petition for judicial review by the Department of Health and Rehabilitative Services. Upon filing of said petition, the clerk of the court shall immediately schedule the review hearing.
(be) Petition and Report.
(1) Petition. In all cases, including those in which a foster care review hearing has already been scheduled by the court or clerk, the department shall prepare a petition to which a copy of the report shall be attached. The petition shall allege facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain allegations as to the identity and residence of the parent and custodian, if known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one of the following forms of relief:
(A)Tthat the child be continued in foster care-,;
(B) Tthat the child be placed in the custody of a parent, guardian, relativei or former custodian,-;
(C) Tthat the child be placed in the custody of a relative, guardian, or other custodian willing to care for the child»;
(D) Tthat the performance agreement be continued to permit the parents, guardian, custodian, or social service agency time to complete the tasks assigned to them in the agreement»; or
(E) Tthat proceedings be instituted to terminate parental rights and legally free the child for adoption.
(2) Report. The department shall prepare a report, as required by law. Said report shall be signed by the attorney representing the department.
(ed) Service. A copy of the petition, report, and recommendations and a notice of review hearing shall be served on all persons who are required by law to be served prior to the judicial review hearing.
(de) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the performance agreement to determine what assigned tasks were and were not accomplished and the reasons for their nonachievement.
(2) If the court finds that the parents have substantially complied with the performance agreement, the court shall return the child to the custody of the natural parents on expiration of the performance agreement.
(3) If the court finds the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the agreement, and shall require the social service agency to show why the child should not be returned immediately to the home of the parents or legal guardian. If the court finds that the child should not be returned immediately to the natural parents or legal guardian, it shall extend the performance agreement for a period of not more than 6 months to *501 allow the social service agency to comply with its obligations under the performance agreement.
(4) If, at the expiration of the performance agreement, the court finds that the parents have not substantially complied with the performance agreement and the child is not returned to the physical custody of the natural parents, the court shall order the social service agency to initiate a termination of parental rights proceeding. If the court finds that an order initiating a termination of parental rights proceeding would not be in the child’s best interests; that the parents in good faith attempted to comply with the terms of the agreement but need more time to accomplish their assigned tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the performance agreement should be extended, the court may extend the time limitation for the performance agreement or modify the terms of the agreement. No agreement shall be extended for a period longer than 6 months, except that the court may extend the agreement for 12 months if the child is 13 years of age or older. At the expiration of the extended agreement, the court shall again review the child’s status.
(5) When a child is returned to the natural parents, the court shall not terminate its jurisdiction over the child until six 6 months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether the jurisdiction should be continued or terminated; if its jurisdiction is to be terminated, it shall enter an order to that effect.
(6) When a child has not been returned to the natural parent, but has been permanently committed to the department or to a licensed child-placing agency willing to receive the child for subsequent adoption, the court shall continue to hold judicial review hearings on the status of the child at least annually. Such hearings shall be held in accordance with these rules.
(7) The court shall enter a written order upon the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, and a determination of the future course of the proceedings.
Committee Notes
1991 Adoption. The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court also is permitted to extend or modify the plan.
RULE 8.515. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each hearing, the court shall advise unrepresented parents of their right to have counsel present.
(2) The court shall appoint counsel for insolvent parents. The court may appoint an attorney counsel for all other parties fe its discretion as provided by law.
(3) The court shall ascertain whether the right to counsel is understood. If the right to counsel is waived by any parent the court shall ascertain if the right to counsel is knowingly and intelligently waived.
(4) The court shall enter its findings with respect to the appointment or waiver of counsel of insolvent parents or the waiver of the right to have counsel present.
(b) Waiver of Counsel.
(1) No waiver shall be accepted if it appears that the parent is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel shall be made in court and be of record. The court shall question the parent in sufficient detail to ascertain that the waiver is made knowingly and intelligently.
(3) If a waiver is accepted at any hearing, the offer of assistance of counsel shall be renewed by the court at each subsequent hearing at which the parent appears without counsel.
*502 Committee Notes
1992 Amendment. Substitution of the word “counsel” maintains consistency. Deleting the word “all” makes it clear that counsel need not be appointed for all parties.
RULE 8.600.--- SCOPE AND PURPOSE
These rules shall govern the procedures in the circuit court in the-exercise of its jurisdiction relating to children in need of services (CINS) and families in need of services (FINS),
They are -intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
Committee Notes
1991 Adoption. This is an entirely new part consistent with the restructuring of Chapter 39, Florida Statutes, which now contains a separate part on Families and Children in Need of Services. The language is taken from Part B., Dependency, except in areas significant only to CINS/ FINS. In rule 8.625 language was added to require the child’s presence at the hearing because the child is the focal point of the hearing. In rule 8.680, discovery is allowed only on order of the court because these cases often do not produce discoverable material.
1992 Amendment. See rule 8.000.
RULE 8.635. PROCESS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than 24 hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This section subdivision shall not in any way limit the state attorney’s power to issue subpoenas.
(3)Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known, the clerk shall give them notice of the proceedings by mail. Service of process may be waived. Authorized agents of the Department of Health and Rehabilitative Services may also serve summons and other process upon such persons and in such manner as required by law.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoenas be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
*503 (D) if the office is closed or the person to serve has no office, leaving it at the party’s usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court except that the court may permit the papers to be filed with it in which event the filing date shall be noted thereon and they shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
“I do certify that (copy) (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this . day of., 19_-Title”
Tthis certificate shall be taken as prima facie proof of such service in compliance with the rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
RULE 8.640. PLEADINGS TO BE SIGNED
(a)Pleadings to Be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by the attorney, whose Florida Bar Nnumber, address, and telephone number, including area code, shall be stated, and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings need not be verified or accompanied by affidavit. The-signature of an attorney shall constitute a certificate by the attorney that the paper or pleading has been read; that to the-best of the attorney’s knowledge, information, and belief there-is good ground to support it; and that it is not interposed-for delay, — If-a pleading- or paper is not signed,- or is signed with-intent to defeat the purpose of this rule, it may be stricken-and the action may proceed as though the pleading or paper has not been served.
(b) Pleadings to Be Signed by Unrepresented Party. A party who is unrepresented shall sign a written pleading or other paper to be filed and state the party’s address and telephone number, including area code.
(c) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper has not been served.
Committee Notes
1992 Amendment, (a) and (c) The language from (a) was moved to create this new subdivision. The current rule applies only to attorneys. These requirements also should apply to nonattorneys who sign and file papers. This rule conforms to proposed revisions to rules 8.085 and 8.230.
(b) The current rule implies that a written pleading must be filed. No written pleadings are required.
RULE 8.680. DISCOVERY
Discovery will be allowed only upon order of the court and then as provided by rule 8.245.
Committee Notes
1992 Amendment. The present wording is somewhat ambiguous in the use of the word “and.” The change clarifies the committee’s intent.
*504 PART IV. OTHER PROCEEDINGS
A, INTRODUCTORY RULES
RULE 8.700. SCOPE AND PURPOSE
These rules shall govern the procedures in the circuit court in- the-exercise-of-its jurisdiction relating to juveniles -as-may-be required.by-law-,
They are — intended to provide a just, speedy,--and-efficient determination of the procedures covered by them and shall be construed to secure-simplicity-in-pr-ocedur-e and-f-airness in administration.
FORM 8.982. ADJUDICATION ORDER
They shall be known as the Florida Rules of Juvenile Procedure and may be cited as Fla.R.Juv.P.
-W-hen — appropriate-the use of singular nouns-and-pr-onouBS-shall-be-construed-to include the plural and the use of plural nouns and pronouns shall be construed to inelude-the singular.
Committee Notes
1992 Amendment. See rule 8.000.
BA. GUARDIAN ADVOCATES FOR DRUG-DEPENDENT NEWBORNS
ADJUDICATION ORDER
This cause came before the court for an adjudicatory hearing on the petition of . All parties and their counsel were present at the hearing.
In addition to the testimony of those present, the court considered all documents admitted in evidence.
Upon all the evidence presented, after resolving all conflicts, the court finds by clear and convincing evidence that:
1. The child(ren) .. .was/were... adjudicated dependent pursuant to section 39.409, Florida Statutes;
2. An order of disposition pursuant to section 39.41, Florida Statutes, was entered by this court;
3. The elements of section 39.464, Florida Statutes, have been met;
4. The parents were informed of their right to counsel in the dependency proceeding;
After the filing of the petition to terminate parental rights .. .the court;appointed counsel for the parents/the parents were informed of their right to counsel including the right of an indigent person to be represented by court appointed counsel...;
5. A .. .performance agreement/permanent placement plan..., as defined in section 39.01, Florida Statutes, was offered to the parents;
6. The parents have failed to substantially comply with the .. .plan/agreement_
7. The need for termination of parental rights has been established in that _
IT IS THEREFORE ORDERED that a dispositional hearing in accordance with section 39.469, Florida Statutes, is scheduled for ...(date)... at ...(time)_
DONE AND ORDERED in chambers at ., . County, Florida, .. .(date)_ Circuit Judge
Committee Notes
1992 Amendment. This change incorporates an amendment to section 39.467, Florida Statutes (Supp.1990).
*505 FORM 8.901. CAPTION OF PLEADINGS AND ORDERS
NAME OF COURT
In the Interest of
., .. .Child.a child/children.(Designation of Pleading or Order)_
FORM 8.909. PLAN FOR TREATMENT, TRAINING, OR CONDUCT
PLAN FOR TREATMENT, TRAINING, OR CONDUCT
TO: ., Circuit Judge
Instead of a plea to the petition filed on the.day of., 19__ alleging the above-named child .. .child/children... to be ., the following proposed plan for treatment, training, or conduct, formulated in conjunction with the supervising agency, is now submitted, with the request that it be accepted by the Ccourt and that prosecution of the said petition be deferred.
This agreement is entered into with full knowledge and disclosure of all the facts and circumstances of this case, and in consideration thereof, and the promise of fulfillment of its terms and conditions, each of the undersigned agrees as follows: .
It is further agreed:
1. That the speedy trial rule is waived,
2. That a hearing for the acceptance of this plan .. .is.. ./is not... waived,
3. That this plan, as agreed to here, shall be in effect until .
In witness whereof the undersigned have affixed their hands this.day of .,19....
Child
.. .Parent(s) or Custodian(s)...
Attorney for .. .Child/Parent(s)/Custodian(s)...
., Department of Health and Rehabilitative Services, Supervising Agency, Recommends: .. .Acceptance/Rejection_
Authorized Agent
CONSENT IN DELINQUENCY CASES
The undersigned, being familiar with the contents of this plan for treatment, training, or conduct and the delinquency petition on which it is based, consents to defer prosecution of the petition.
Dated: .
State Attorney
By Assistant State Attorney
*506 ORDER
The foregoing plan for treatment, training, or conduct having been properly submitted and having been given consideration by the Ccourt,
It is ADJUDGED:
_ 1. That the plan is approved and the parties thereto shall comply with its terms and conditions.
_ 2. That the plan is disapproved and an adjudicatory hearing on the petition shall be scheduled.
ORDERED at ., . County, Florida, this . day of .,19....
Circuit Judge
FORM 8.934. ORDER TO DETERMINE MENTAL CONDITION
ORDER TO DETERMINE MENTAL CONDITION
It having been made known to the Ccourt and the Ccourt finding that reasonable grounds exist to believe that this child may be incompetent to proceed with an adjudicatory hearing, and that a hearing should be scheduled to examine this child and determine .. .his/her... mental condition, it is
ADJUDGED:
1.' That all proceedings in this case are now stayed, pending further order of this Ccourt.
2. That a hearing to determine the mental condition of this child is scheduled before me at_ M., on this . day of., 19_
3. That the following named persons are hereby appointed as disinterested qualified experts to examine this child as to competency and to testify as to the child’s mental condition at the hearing above scheduled:
(1) . Name Address
(2) . Name Address
(3) . Name Address
4. That this child shall be held temporarily in the custody of., who shall produce the child for examination by the above-named at a time and place to be arranged.
ORDERED at ., . County, Florida, this . day of .,19....
Circuit Judge
FORM 8.935. ORDER OF INCOMPETENCY
ORDER OF INCOMPETENCY
The above:named child being before the Ccourt for inquiry into .. .his/her... mental condition and a determination of .. .his/her... competency to proceed with an adjudicatory hearing, from the evidence the Ccourt finds:
*507 That the said child is mentally incompetent to proceed with the adjudicatory hearing.
It is, therefore, ADJUDGED that proceedings shall be commenced immediately for the involuntary hospitalization of this child by., as provided by law, and the said child shall . pending disposition of those proceedings.
All proceedings in this case are stayed pending such action.
ORDERED at., Florida, ., 19_
Circuit Judge
FORM 8.936. ORDER OF COMPETENCY
ORDER OF COMPETENCY
The above:named child being before the Ccourt for inquiry into .. .his/her... mental condition and a determination of .. .his/her... competency to proceed with an adjudicatory hearing, from the evidence the Ccourt finds:
That the child is mentally competent to proceed with the adjudicatory hearing.
It is, therefore, ADJUDGED that the adjudicatory hearing in this case shall ... commence/resume... at_ M., on the . day of.,19_
ORDERED at., Florida, ., 19_
Circuit Judge
FORM 8.965. ADJUDICATION ORDER — DEPENDENCY
ADJUDICATION ORDER
This cause was heard on the petition filed., 19_ The following were present: .with.attorney(s), and.representing the., Department of Health and Rehabilitative Services.
., the .. .parent(s)/custodian(s).admitted/denied/entered a plea of nolo"contendere to... the allegations of the petition.
The court having considered all the evidence adduced finds .. .by clear and convincing evidence/by a preponderance of the evidence... the ...child/children.was/ were... at the time the acts or omissions for which ...he/she/they.is/are... alleged to be dependent occurred . years of age. The court further finds the following brief statement of facts to be true: ...
It is ADJUDGED that:
(alternatives: use either (1) or (2) and (3) or (4) as appropriate)
_ (1) The court withholds an adjudication of dependency.
_ (2) The court adjudicates the .. .child/children... to be dependent.
_ (3) The .. .child/children.is/are... placed in the temporary custody of . pending a predisposition study and a disposition hearing.
_ (4) The court, having considered the predisposition study prepared by the ., Department of Health and Rehabilitative Services and presented to the court immediately after the adjudicatory hearing, makes the following disposition: .
ORDERED at., . County, Florida, on ., 19_
Circuit Judge